UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Digital Angel Corporation, a
Delaware corporation, and Applied
Digital Solutions, Inc., a Missouri
corporation,

          Plaintiffs,

v.

Corporativo SCM, S.A. de C.V., a
Mexico corporation,

          Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 05-1060 ADM/JJG

___

Melvin N. A. Avanzado, Esq., Jeffer, Mangels, Butler & Marmaro LLP, Los Angeles, CA, and Christianna L. Finnern, Esq., Winthrop & Weinstine, P.A., Minneapolis, MN, on behalf of Plaintiffs.

Donald R. McNeil, Esq., Coleman, Hull & Van Vliet, PLLP, Minneapolis, MN, and Frederick T. Lowe, Esq., Florida Law Group, L.L.C., Tampa, FL, on behalf of Defendant.

___

## I. INTRODUCTION

On March 22, 2006, oral argument before the undersigned United States District Judge was heard on Plaintiffs Digital Angel Corporation ("Digital Angel") and Applied Digital Solutions, Inc.'s ("ADS") (collectively "Plaintiffs") Motion to Dismiss Counterclaim for Fraud [Docket No. 27]. For the reasons set forth herein, Plaintiffs' Motion to Dismiss Counterclaim is denied.

## II. BACKGROUND

Relevant background is set forth in the Court's December 9, 2005 Order and is incorporated by reference. On January 10, 2006, Defendant Corporativo SCM, S.A. de C.V. ("Corporativo") filed a Counterclaim for common law fraud. Countercl. [Docket No. 23] at 10-

12.  Defendant's Counterclaim was filed in response to Plaintiffs' Complaint for a declaratory judgment that Plaintiffs are not liable to Defendant under an International Distribution Agreement ("Agreement") between the parties.  Compl. [Docket No. 1].  On March 2, 2006, after Plaintiffs filed their Motion to Dismiss Counterclaim for Fraud, Defendant filed an Amended Counterclaim for fraud in the inducement.  Am. Countercl. [Docket No. 37] at 9-15.

In its Amended Counterclaim, Defendant alleges that in or around May 2004, Plaintiffs' former legal representative William Lockwood informed Corporativo's principal Larry Reider that the Plaintiffs knew and failed to disclose the following at the time the Agreement was signed:

- Plaintiffs could not deliver to Corporativo a system that was necessary to make the Agreement viable within the time frame established by the Agreement,

- Plaintiffs used sales tactics and false advertising to represent that they had the technical ability and capacity to service Corporativo when they did not,

- Plaintiffs' Cellular Data Packet Delivery ("CDPD") platform was soon to be obsolete because it was being phased out by major telecommunication companies Telcel and IUSACELL,

- There was no technology available in Mexico to support what Plaintiffs were purporting to provide to Corporativo and Plaintiffs never intended to provide the necessary technology,

- Plaintiffs had serious financial difficulties, and there were serious deficiencies with the product the Plaintiffs were to deliver to Corporativo and the technology to support its utilization,

- Plaintiffs would have to develop a new technology based on "GSM" for their product to have efficacy in Mexico but Plaintiffs never intended to develop such technology.

Id. at 9-14.  Defendant alleges that Plaintiffs' misrepresentations induced Corporativo to enter into the contract, to purchase product, and to rely on an implementation and overall business

2

plan based on technology that did not exist and would not support Corporativo's business plans and commitments. Id. at 14. Corporativo seeks rescission of the Agreement as well as damages. Id. at 15.

The Agreement between the parties contains a clause entitled "Time Limit on Actions" ("private limitations clause") and states: "No action, regardless of form, arising out of this Agreement may be brought by either Party more than two (2) years after the cause of action has occurred; . . . ." Finnern Aff. [Docket No. 30] Ex. A ¶ 17.1.

### III. DISCUSSION

**A.     Motion to Dismiss Standard**

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994); Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993). Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party. Ossman, 825 F. Supp. at 880. "A motion to dismiss should be granted as a practical matter . . . only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

**B.     Private Limitations Clause**

Plaintiffs make two arguments in support of their Motion to Dismiss the Counterclaim. First, Plaintiffs claim that Corporativo's counterclaim for fraud should be dismissed because it is

barred by the reasonable private limitations clause in the parties' Agreement.  Corporativo responds that fraud vitiates the contract, including the private limitations clause, but even if it does not, the language of the private limitations clause is not broad enough to cover a claim for fraud in the inducement, and further, the private limitations clause is unreasonable.

Defendant cites Financial Timing Publications, Inc. v. Compugraphic Corp., 893 F.2d 936 (8th Cir. 1990), in support of its contention that the language of the limitations clause is not broad enough to include a claim for fraud in the inducement.  In Financial Timing, when confronted with the question of whether a contractual limitations clause applies to a claim for fraud in the inducement, the court held that a party can avoid the limitations provision if:

> (1) the contractual language neither shows that the parties intended to subject claims of fraud to [the private] period of limitations, nor is sufficiently broad to comprehend that the fraud claim can be subject to [the private] period of limitations; and
> (2) the plaintiff has properly complied with the requirements seeking rescission.

Id. at 945.  The court ultimately held that a limitations clause very similar to the limitations clause at issue in this case was not sufficiently broad to require that the limitations provision apply to a fraud claim.  Id. at 946.

Plaintiffs counter that Defendant can not rely on Financial Timing because Defendant is seeking both damages and rescission.  Plaintiffs also assert that the underlying rationale for Financial Timing may no longer be sound, and that the recent trend in the law by Minnesota courts is to apply broad contractual provisions to claims which allege fraud in the inducement.  In Financial Timing, the court followed the reasoning of the Minnesota Supreme Court in Atcas v. Credit Clearing Corp. of Am., 197 N.W.2d 448 (1972), which has since been partially overruled by Onvoy, Inc. v. SHAL, LLC, 669 N.W.2d 344, 351 (Minn. 2003).  The Onvoy court only overruled Atcas to the extent that it conflicted with federal precedent and did not properly

4

recognize that the Federal Arbitration Act ("FAA") preempts state statutes that invalidate arbitration agreements, or undermine the goals and policies of the FAA.  Onvoy, 669 N.W.2d at 351.  The Onvoy court did not otherwise disturb the reasoning in Atcas, and therefore the Financial Timing court's two-part test still applies.

Furthermore, the cases cited by Plaintiffs for the proposition that courts have more recently applied broad contractual provisions to fraud in the inducement claims are distinguishable from the instant case because the arbitration clauses in those cases either state specifically that fraud claims are included or refer expressly to the inclusion of claims that arise from the "making" of the contract.  See Michael-Curry Cos., Inc. v. Knutson S'holders Liquidating Trust, 449 N.W.2d 139, 142 (Minn. 1989); Price v. Nat'l Feeding Sys., Inc., No. C3-94-1847, 1995 WL 91832, at *3 (Minn. Ct. App. Mar. 7, 1995); Welch v. Buller, 481 N.W.2d 856, 859 (Minn Ct. App. 1992).[1]  In this case, the limitations clause does not specifically mention fraud or reference the "making" of the contract; rather, it states that "[n]o action, regardless of form, arising out of this Agreement may be brought by either Party more than two (2) years after the action has occurred; . . . ."  Because Defendant's claim for fraud in the inducement relates to alleged misrepresentations or omissions that occurred before the contract was entered into, the contract's limitations clause that refers solely to actions "arising out of this Agreement" is not "sufficiently broad to comprehend that the fraud claim be subject to [the private] period of limitations."  Financial Timing, 893 F.2d at 945.

---

[1] Additionally, the language in Sportmart, Inc. v. Hargesheimer, No. CX-97-161, 1997 WL 406386, at *3 (Minn. Ct. App. July 22, 1997) is broader than the language at issue here since it refers to all "claims, actions, or proceedings, legal or equitable," and does not appear to be limited to claims "arising out of" the contract.

Defendant has satisfied the second prong of the Financial Timing test by seeking rescission of the contract. Plaintiffs aver that Defendant can not avoid the private limitations period under the rationale of Financial Timing because Defendant seeks both rescission and damages. See Price, 1995 WL 91832, at *3; Fouquette v. First Am. Nat'l Sec., Inc., 464 N.W.2d 760, 763 (Minn. Ct. App. 1991). At oral argument, Defendant averred that rescission means returning the parties to the status quo, which could include return of money that was lost. See Financial Timing, 893 F.2d at 946-47. As a general matter, the Court recognizes that for Defendant to avoid the private limitations clause pursuant to Financial Timing, Defendant must seek rescission and not damages. While returning the parties to the status quo ante could include refunding money that was paid to Plaintiffs, Defendant is not entitled to consequential damages and can not pursue them.

Additionally, even if Defendant's fraud in the inducement claim did "arise out of" the agreement, the limitations clause does not operate to bar this claim because it is unreasonable. Minnesota law provides a six year statute of limitations for both contract and fraud actions. See Minn. Stat. §§ 541.05, subd. 1(1), (6). It is well-settled in Minnesota that "the parties [to a contract] may limit the time within which an action may be brought to a period less than that fixed by the general statutes of limitation provided the limitation is not unreasonably short." Henning Nelson Constr. Co. v. Fireman's Fund Am. Life Ins. Co., 383 N.W.2d 645, 650 (Minn. 1986). Courts use a two part test to determine whether parties to a contract can validly shorten the limitations period: 1) does a specific statute prohibit the use of a different limitations period, and 2) if no such statute exists, the parties may shorten the limitations period as long as it is reasonable in length. Id. at 651. Reasonableness is decided on a case-by-case basis, depending

6

on the particular facts of the case. Id.  Courts consider a variety of factors in determining reasonableness, including the amount of time available to bring a claim after the cause of action has accrued, whether the parties had equal bargaining power in negotiating the contract, and whether additional information was needed for the cause of action to mature.  See Michael Foods, Inc. v. Allianz Ins. Co., No. 02-CV-3504, 2003 WL 1956294, at *2 (D. Minn. Apr. 21, 2003) (citations omitted).

Here, there does not appear to be any specific statute prohibiting the use of a different limitations period.  As a result, the inquiry turns to whether the parties' two year limitations clause is reasonable.  The six-year statutory limitations period applicable to fraud claims, unless a private limitations period applies, does not *accrue* until the aggrieved party discovers the facts constituting fraud.  See Minn. Stat. § 541.05(6) (emphasis added).  The private limitations clause in this case essentially bars any cause of action that *occurred* more than two years ago, meaning that Defendant's cause of action could be barred long before Defendant even discovers its existence.  Despite the parties' apparent equal bargaining power, such a result is unreasonable, and therefore, on the facts of this case, the private limitations clause can not apply to Defendant's fraud in the inducement claim.  See Peggy Rose Revocable Trust v. Eppich, 640 N.W.2d 601, 609 (Minn. 2002) ("[T]here is a difference between merely shortening the time within which an existing claim may be brought and altering the date on which a cause of action accrues.").  As a result, Defendant's counterclaim falls within the limitations period prescribed by statute.

**C.    Particularity**

Plaintiffs' second argument is that Defendant, both in its original and amended

Counterclaim, failed to plead fraud with particularity, as is required by Rule 9(b) of the Federal Rules of Civil Procedure. Specifically, Rule 9(b) states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." The Eighth Circuit has stated that:

> "Circumstances" include such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby. Because one of the main purposes of the rule is to facilitate a defendant's ability to respond and to prepare a defense to charges of fraud, conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule.

Commercial Prop. Invs., Inc. v. Quality Inns Int'l, Inc., 61 F.3d 639, 644 (8th Cir. 1995). "Put another way, the complaint must identify the 'who, what, where, when, and how' of the alleged fraud." United States v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006) (citations omitted).

In this case, Defendant has minimally satisfied the pleading requirements of Rule 9(b), and accomplishes the purpose of putting Plaintiffs on notice of Defendant's allegations. Defendant satisfies the "when, where, and how" requirements by alleging that the misrepresentations and omissions were made at the time that the Agreement was signed on August 16, 2002. Defendant satisfies the "what" requirement by alleging the following misrepresentations or omissions:

- Plaintiffs could not deliver to Corporativo a system that was necessary to make the Agreement viable within the time frame established by the Agreement,

- Plaintiffs used sales tactics and false advertising to represent that they had the technical ability and capacity to service Corporativo when they did not,

- Plaintiffs' Cellular Data Packet Delivery ("CDPD") platform was soon to be

       obsolete because it was being phased out by major telecommunication companies Telcel and IUSACELL,

- There was no technology available in Mexico to support what Plaintiffs were purporting to provide to Corporativo and Plaintiffs never intended to provide the necessary technology,

- Plaintiffs had serious financial difficulties, and there were serious deficiencies with the product the Plaintiffs were to deliver to Corporativo and the technology to support its utilization,

- Plaintiffs would have to develop a new technology based on "GSM" for their product to have efficacy in Mexico but Plaintiffs never intended to develop such technology.

Am. Countercl. at 9-14.

      Defendant's allegations as to "who" made the alleged misrepresentations and omissions are sparse. Defendant merely states that "Plaintiffs," "Plaintiffs' representatives," and "Plaintiffs' officers and directors" are responsible without specifically identifying individuals by name. However, in its Amended Counterclaim, Defendant does identify the source of their information as William Lockwood, Plaintiffs' former legal representative. See Parnes v. Gateway 2000, Inc., 122 F.3d 539, 550 (8th Cir. 1997) ("Where allegations of fraud are explicitly or, as in this case, implicitly, based only on information and belief, the complaint must set forth the source of the information and the reasons for the belief."). While Defendant's allegations are sufficient to survive Plaintiffs' Motion to Dismiss, further specificity of individuals to whom it attributes the fraudulent misrepresentations must be identified during discovery.

9

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Dismiss Counterclaim for Fraud [Docket No. 27] is **DENIED**.

BY THE COURT:

      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: May 8, 2006.